United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL FISHER,

    Plaintiff,

  v.

BIOZONE PHARMACEUTICALS, INC., ELLIOT MAZA, BRAUSER HONIG FROST GROUP, MICHAEL BRAUSER, BARRY HONIG, and THE FROST GROUP LLC,

    Defendants.
                           /

No. C 12-03716 WHA

**ORDER RE MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND MOTION TO DISMISS**

Plaintiff Daniel Fisher filed a complaint on July 16, 2012. Due to the fact that plaintiff had yet to serve all defendants, the case management conference was continued twice on plaintiff's request. Plaintiff then filed a return of summons and proof of service for each of the named defendants.

On November 13, plaintiff filed a motion for leave to file an amended complaint, which seeks to add new claims and additional defendants. Plaintiff requested leave to file because, as to four of the defendants, the 21-day deadline for answering or filing a motion under Rule 12 had passed. As of the filing of plaintiff's motion, no defendant had answered, filed a motion to dismiss, or appeared in this action.

On November 20, all defendants named in plaintiff's original complaint filed a motion to dismiss. As to all defendants except BioZone Pharmaceuticals, Inc., and Elliot Maza, the motion is untimely.

On November 22, plaintiff filed an amended complaint. Pursuant to Rule 15(a)(1)(B), "a party may amend its pleading once as a matter of course within . . . 21 days after service of a

responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff appears to assume that the filing of the motion to dismiss, even if untimely, allows for the filing of an amended pleading pursuant to the rule.

In order to move this action along, this order will allow plaintiff's amended complaint to be filed. Although defendants' motion to dismiss was not timely filed, plaintiff is not prejudiced, as plaintiff has now profited by filing his amended complaint. Nor are defendants prejudiced by the amended complaint, as the majority of defendants did not timely file an answer or motion to dismiss under Rule 12. At this early stage in the litigation, neither party can claim prejudice due to delay, as both sides have been less than diligent in actively litigating this action.

Defendants' motion to dismiss the original complaint is **DENIED AS MOOT**. Plaintiff must serve the amended complaint on all defendants by **DECEMBER 14**. Defendants must either file a new motion to dismiss or an answer within **21 DAYS OF SERVICE** of the amended complaint. The case management conference, currently scheduled for **NOVEMBER 29**, shall remain on calendar.

**IT IS SO ORDERED.**

Dated: November 26, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2